```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**JOSE CARILLO,**

                    **Petitioner,**

        v.                                      CASE NO. 22-3041-SAC

**(FNU) SKIDMORE,**

                    **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on Petitioner Jose Carrillo's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed March 7, 2022. (Doc. 1.) For the reasons explained below, the Court construes the petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and will direct Petitioner to file, on or before May 11, 2022, a complete and proper amended petition on court-approved forms or a notice to the Court that he does not intend to do so.

**Background**

According to Kansas' online district court records, in December 2014, Petitioner pled guilty in case number 2014-CR-209 to two counts of aggravated indecent liberties with a child. In April 2015, the Russell County District Court sentenced him to a term of imprisonment, which he is serving at Lansing Correctional Facility in Lansing, Kansas.

On March 7, 2022, Petitioner filed in this Court a form document entitled "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241." (Doc. 1.) He also filed a motion to proceed in forma

pauperis, which the Court will address later in this order. (Doc. 2.)

**Discussion**

Liberally construing the petition, as is appropriate since Petitioner is proceeding pro se, Petitioner argues that his appointed defense counsel "forced" him to plead guilty and would not allow him to present witnesses or argue his innocence. (Doc. 1, p. 2.) As his sole ground for relief, he challenges the actions of his counsel. *Id.* at 6. He asks the Court to vacate his conviction and plea and appoint counsel to represent him in further state-court proceedings so that he may prove he is not guilty of the charges. *Id.* at 7.

Petitioner has filed a petition seeking relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . .'" *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

It does not appear from the petition, however, that Petitioner wishes to attack the execution of his sentence. Rather, it seems that he wishes to attack the validity of his conviction, perhaps on the ground that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The appropriate avenue for a person in custody pursuant to the

judgment of a State court to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254. Thus, it appears that Petitioner may wish to seek relief under § 2254, not § 241.

Under Local Rule 9.1(a), however, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Petitioner the appropriate form and, if Petitioner wishes to do so, he may submit a complete and proper amended petition containing the claims for which relief may be sought under 28 U.S.C. § 2254.

If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (22-3041) on the first page of the amended petition.

If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. If Petitioner does not wish to pursue a § 2254 petition at his time, he shall file a notice with this Court advising it of that decision. If Petitioner fails to submit an amended petition or a notice consistent with these directions, this action may be dismissed without further notice for failure to state a claim on which relief can be granted.

**Application to Proceed without Prepayment of Fees (Doc. 2)**

When he filed his petition, Petitioner also filed an application to proceed without prepayment of fees and a supporting affidavit. (Doc. 2.) On March 8, 2022, the Court issued a notice to Petitioner informing him that he was required to submit a certified copy of his trust fund account statement for the previous 6 months or an institutional equivalent in order for the Court to proceed on his motion. (Doc. 3.) The notice informed Petitioner that he was required to submit the account statement within 30 days or he would risk this matter being dismissed without further notice for failure to comply with a court order.

The deadline to submit the required information has now passed. Petitioner has not submitted an account statement showing the past 6 months, nor has he submitted an institutional equivalent. The Court will allow Petitioner one final opportunity to submit the required financial information or, in the alternative, to pay the filing fee. If Petitioner does not submit the financial information or pay the filing fee on or before May 11, 2022, this case will be dismissed without further notice for failure to comply with a court order.

**Conclusion**

For the reasons stated above, the Court will direct Petitioner to file, on the appropriate court-approved forms, a petition for writ of habeas corpus under 28 U.S.C. § 2254 or to inform the court, in writing, if he does not wish to do so at this time. In addition, the Court will direct Petitioner to submit the required financial information to support his motion to proceed without prepayment of fees or, in the alternative, to pay the filing fee. The failure to timely comply with the Court's order may result in this action being

dismissed without further prior notice.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including May 11, 2022, in which to file a complete and proper amended petition in compliance with the directions in this order or to file a notice to the Court that he does not intend to do so. The failure to file at least one of these documents will result in the action being dismissed without further notice. The clerk of court shall transmit a form § 2254 petition to Petitioner.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including May 11, 2022, in which to submit the required financial information in support of his motion to proceed without prepayment of fees or, in the alternative, to pay the filing fee. The failure to do so will result in the action being dismissed without further notice.

**IT IS SO ORDERED.**

DATED:  This 11th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge