**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JOSE CARILLO,**

                **Petitioner,**

       **v.**                                                   **CASE NO. 22-3041-SAC**

**(FNU) SKIDMORE,**

                **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on Petitioner Jose Carrillo's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed March 7, 2022. (Doc. 1.) For the reasons explained below, the Court will dismiss this matter for failure to comply with a court order and deny the pending motion to proceed in forma pauperis (Doc. 2) as moot.

Petitioner is a prisoner serving a state-imposed sentence at Lansing Correctional Facility in Lansing, Kansas. On March 7, 2022, Petitioner filed in this Court a form document entitled "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" and a motion to proceed in forma pauperis (IFP). (Docs. 1, 2.) The following day, the Court notified Petitioner that his motion to proceed IFP was deficient because Petitioner had not submitted the required certified copy of his trust fund account statement or the institutional equivalent. (Doc. 3.) Petitioner was advised that if he did not submit the financial information or pay the statutorily required filing fee within 30 days, this action might be dismissed without further notice. Petitioner did not timely submit either the

fee or the financial information.

On April 11, 2022, the Court issued a Memorandum and Order noting the failure and affording Petitioner an additional 30 days to pay the filing fee or submit the required financial information. (Doc. 4.) In addition, the Court explained that an initial review of the petition showed that it sought relief unavailable under § 2241 and it contained arguments properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court therefore directed the clerk to send Petitioner the appropriate form so that, if Petitioner wished to, he could submit a complete and proper amended petition for relief under 28 U.S.C. § 2254. The Court advised Petitioner that if he did not wish to pursue a § 2254 petition, he should file a notice with this Court advising it of that decision. Finally, the Court cautioned Petitioner that if he failed to submit the required financial information or pay the filing fee or he failed to submit an amended petition or a notice that he did not wish to do so, this action might be dismissed without further prior notice to Petitioner.

The deadline set forth in the Memorandum and Order has passed and Petitioner has neither paid the statutory filing fee, submitted the financial information needed to process his motion to proceed IFP, submitted a petition for relief under § 2254, nor informed the Court that he wishes to proceed under § 2241.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts

to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the Court's orders, the Court concludes that this matter should be dismissed under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed for failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). Petitioner's motion to proceed in forma pauperis (Doc. 2.)

is **denied as moot.** No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 16th day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge